1
2
3
4
5
6

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

7

| | |
|---|---|
| **Jacob Peter Fernandez,** Plaintiff -vs- **Joseph Arpaio,** Defendant(s) | CV-05-1874-PHX-JWS (JI) **ORDER** |

8
9
10

11     Under consideration are Defendant's Motion to Dismiss, filed October 12, 2005 (#10),

12 and Motion for Ruling, filed December 19, 2005 (#15).

13     **Background** - Plaintiff, previously an inmate in the Maricopa County Jail, instituted

14 this action on June 21, 2005, by filing his Complaint (#1).  Plaintiff alleges three claims of

15 cruel and unusual punishment: in Count I on the basis of the limitations on recreation (#1 at

16 4), in Count II on the basis of limitations in meals provided (*id.* at 5), in Count III on the

17 bassi of overcrowding (*id.* at 6).  The Court screened the Complaint pursuant to 28 U.S.C.

18 § 1915A(a), and an answer was ordered from Defendant Arpaio.  (Order 7/15/05, #4.)

19     Defendant Arpaio filed this Motion to Dismiss on September 12, 2005 (#10), arguing

20 that Plaintiff had failed to exhaust his available administrative remedies, and therefore the

21 Complaint was subject to dismissal.  On October 20, 2005, Magistrate Judge Irwin set a

22 briefing schedule requiring Plaintiff to respond to the motion by November 25, 2005 (#11).

23 Plaintiff did not respond, and on December 7, 2005, Magistrate Judge Irwin issued an Order

24 (#13) directing Plaintiff to respond within ten days.    Plaintiff did not respond.

25     On December 19, 2005, Defendant filed his Motion for Ruling, noting that mail from

26 Plaintiff had been returned undeliverable, and asking for an involuntary dismissal with

27 prejudice for failure to prosecute.

28

1      Plaintiff then filed a Motion to Extend Time, dated December 23, 2005 and filed

2  December 29, 2005 (#16), seeking additional time to file a response to the motion to dismiss.

3  Magistrate Judge Irwin denied that request, finding that substantial time had elapsed since

4  Plaintiff's original due date, that the request was filed after the deadline, and that Plaintiff

5  had not shown excusable neglect, had still not tendered a response.  (Order 2/3/06, #20.)  The

6  Magistrate declined to make any finding whether the failure to file a timely response should

7  be deemed a consent to the granting of the motion to dismiss pursuant to  Local Civil Rule

8  7.2(I).  Plaintiff did not object to the order, and has never tendered a response to the motion

9  to dismiss.

10      **Motion to Dismiss** - In his Motion (#10), Defendant argues that Plaintiff had

11 available to him administrative remedies under Maricopa County Sheriff's Office Policy DJ-

12 3 to grieve his claim, but that he failed to do so, and therefore dismissal is required under 42

13 U.S.C. § 1997e(a).  In support of these claims, Defendant submits various exhibits, including

14 four grievances by Plaintiff covering: (1) overcrowding, (2) visitation policies, (3) recreation,

15 and (4) limited meals.  Each of these were pursued through the formal grievance stage.

16 Defendants also provide as an exhibit to their motion Policy DJ-3, which provides a four tier

17 process for grievances, including: informal grievance, formal grievance, internal appeal, and

18 external appeal.  Defendants' motion asserts that no internal or external appeals have been

19 filed by Plaintiff.

20      **Failure to Respond** - Plaintiff has failed to timely respond to the motion.  The

21 Court's order (#12) setting the briefing schedule warned Plaintiff of the provisions of Local

22 Rule of Civil Procedure 7.2(I), which provides that a failure to respond to a motion can be

23 deemed by the Court to be a consent to the granting of the motion.  *See Ghazali v. Moran*,

24 46 F.3d 52, 53-54 (9th Cir. 1995) (holding that the district court did not abuse its discretion

25 by summarily granting the defendants' motion to dismiss pursuant to a local rule where the

26 pro se plaintiff had time to respond to the motion but failed to do so).

27

28

1    Despite being warned of the effect of non-response, Plaintiff did not timely respond
2    and never tendered a response to the motion to dismiss.  Accordingly, the Court will exercise
3    its discretion to deem Plaintiff's silence to be a consent to the granting of the motion.

4    Moreover, the Court finds that the motion should be granted on its merits.

5    **Exhaustion Requirement** - Exhaustion of administrative remedies under the Prison
6    Litigation Reform Act ("PLRA") is governed by 42 U.S.C. § 1997e(a).  This statute provides
7    that "[n]o action shall be brought with respect to prison conditions under section 1983 of this
8    title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional
9    facility until such administrative remedies as are available are exhausted."  42 U.S.C. §
10   1997e(a).  This language has been interpreted to require "that an inmate must exhaust
11   [available remedies] irrespective of the forms of relief sought and offered through
12   administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741, n.6 (2001).  A plaintiff must
13   fully exhaust his administrative remedies before filing a complaint. *McKinney v. Carey*, 311
14   F.3d 1198, 1199-1200 (9th Cir. 2002).  "If the district court concludes that the prisoner has
15   not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without
16   prejudice." *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir.), *cert. denied*, 124 S. Ct. 50
17   (2003).

18   **Standard for Granting Unenumerated Rule 12(b) Motion** - The failure to exhaust
19   administrative remedies under the PLRA is treated as a matter in abatement and is properly
20   raised in an unenumerated Rule 12(b) motion.  *See Wyatt v. Terhune*, 315 F.3d 1108, 1119
21   (9th Cir.), *cert. denied*, 124 S. Ct. 50 (2003).   Exhaustion is an affirmative defense;
22   establishing exhaustion of administrative remedies under the PLRA is not a pleading
23   requirement or a jurisdictional prerequisite. *Wyatt*, 315 F.3d at 1119.  Therefore, the
24   defendant bears the burden of proving that plaintiff had available administrative remedies
25   that he did not utilize. *Id.*; *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004).

26    "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the
27   court may look beyond the pleadings and decide disputed issues of fact." *Wyatt*, 315 F.3d

28

1    at 1119-20.   "A prisoner's concession to nonexhaustion is a valid ground for dismissal, so

2    long as no exception to exhaustion applies." *Id.*  at 1120.

3    **Failure to Exhaust Available Administrative Remedies** - Defendant has shown that

4    Plaintiff had available to him the standard inmate grievance procedures under Policy DJ-3

5    to grieve his claims.  Defendants further argue that Plaintiff's complaint admits that he failed

6    to exhaust them.

7    While Plaintiff's Complaint does admit a failure to exhaust remedies, it also alleges

8    that he failed to so because his claims involve a "non-greivable issue."  (#1 at 4, 5 and 6.)

9    The PLRA only requires that administrative remedies which are "available" to the plaintiff

10   be exhausted prior to bringing suit.  *See* 42 U.S.C. § 1997e(a).  Because the statute requires

11   the remedy to be "available" to the prisoner, it is possible for a prisoner to exhaust his

12   administrative remedies without his claims being denied at the highest level of administrative

13   review specified by the relevant prison policies.  For example, the federal courts have held

14   that refusing an inmate grievance forms could raise an inference that the prisoner has

15   exhausted his "available" administrative remedies.  *See Mitchell v. Horn*, 318 F.3d 523, 529

16   (3d Cir. 2003) (holding that the district court erred by dismissing  an inmate's section 1983

17   claim based on his failure to exhaust because the district court did not consider the inmate's

18   allegation that prison officials refused to provide him with grievance forms); *Miller v. Norris*,

19   247 F.3d 736,  740 (8th Cir. 2001) (concluding that any remedy that prison officials prevent

20   a prisoner from utilizing is not a remedy which is available as that term is defined in section

21   1997e(a)).

22   Here, however, Defendants have offered exhibits establishing that Plaintiff did in fact

23   institute grievances of his issues, and pursued them through the formal grievance level.

24   What Plaintiff did not due was exhaust these grievances through the appeals process.

25   Moreover, Plaintiff provides no detail to lend credibility to his allegations that his

26   issues were not grieveable.  He does not identify who in particular told him his issues were

27   not grieveable, or whether the advice was that it was not grieveable or that the grievance

28   would simply not be successful.  *See Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000)

1  (concluding that section 1997e(a) does not permit the court to consider an inmate's subjective

2  beliefs in determining whether administrative procedures are "available").   Moreover,

3  Plaintiff offers no evidence that he actually attempted to have his grievances heard to

4  exhaustion.  *See Jones v. Smith*, 266 F.3d 399, 399 (6th Cir. 2001) (concluding that dismissal

5  for failure to exhaust was proper because the plaintiff failed to allege that the prison official

6  who refused to provide a grievance form was the only source of those forms or that plaintiff

7  made other attempts to obtain a form or file a grievance without a form).  Plaintiff's bare

8  allegations are insufficient to establish that the jail's grievance procedures were unavailable.

9       Plaintiff fails to show that the jail's grievance procedures, which he admits not

10  utilizing,  were unavailable.  Accordingly, Plaintiff's complaint and this action must be

11  dismissed in their entirety without prejudice.

12       **Motion for Judgment on the Pleadings** - Defendants filed a Motion for Judgment

13  on the Pleadings and/or Involuntary Dismissal on December 19, 2005 (#15).  Defendants

14  seek, in part,  a judgment on the pleadings, asserting that taking all the allegations in the

15  Complaint as true they are entitled to judgment on the basis of the failure to exhaust.  In light

16  of the grant of the motion to dismiss, this motion is moot.  Moreover, in light of Plaintiff's

17  allegations in his Complaint that his issues were "not grieveable," this Court could not in any

18  event have granted this request.

19       **Motion to Dismiss with Prejudice for Failure to Prosecute** - Finally,  Defendants

20  seek a dismissal with prejudice based upon Plaintiff's failure to prosecute.  In support of their

21  request, Defendants cite *Burns v.  Glick*, 158 F.R.D. 354 (E.D. Pa.  1994) for the proposition

22  that where an inmate's action has stalled because he has relocated without providing a

23  forwarding address, and there is a likely inability to pay costs, dismissal with prejudice was

24  appropriate.  That case is easily distinguished.  Here, the Court and Defendants know where

25  Plaintiff is located, because he has provided a current address.  Moreover, Defendants offer

26  nothing to show an inability to pay costs, apart from Plaintiff's incarceration.   While

27  payments of costs by an inmate may be painfully slow, they are possible.  Defendants fail to

28

convince the Court that a dismissal with prejudice is appropriate, and a dismissal without prejudice would be moot in light of the grant of the motion to dismiss.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss, filed October 12, 2005 (#10) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Judgment on the Pleadings, filed December 19, 2005 (#15) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss with Prejudice, filed December 19, 2005 (#15) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (#1) and this action are **DISMISSED WITHOUT PREJUDICE**.  The Clerk of the Court shall enter judgment accordingly.

DATED this 19th day of May 2006.


/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT COURT JUDGE